UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LARISSA V. BARBOSA,
          Petitioner,

v.

IMMIGRATION AND ENFORCEMENT, et al.,
          Respondents.

CIVIL ACTION
NO. 04-10416-JLT

MEMORANDUM AND ORDER

TAURO, D. J.

      For the reasons stated below, this habeas petition is dismissed without prejudice.

BACKGROUND

      On March 1, 2004, petitioner Larissa Barbosa, a native of Cape Verde and an immigration detainee currently being held at the Bristol County Jail and House of Correction in North Dartmouth, filed a petition for a writ of habeas corpus under Section 2241 and an application to proceed without prepayment of the filing fee.

      Barbosa states that she entered the United States in 1979 to stay with her mother and was subsequently placed in the custody of the Massachusetts Department of Social Services ("DSS") due to problems in that home.  Petition, ¶ 12.  She contends that she missed a court date because DSS failed to bring her to a hearing, resulting in a final removal order that was entered in absentia.  Id.  It appears that Barbosa was ordered removed based on criminal charges for shoplifting and assault and battery.  Id. at ¶ 13.

      She further claims that her order of removal become final in June 2000, and that she was taken into custody by the Bureau of Immigration and Customs Enforcement ("BICE") on February 2, 2004.  Id. at ¶ 14.  Barbosa asserts that her continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001). Id. at ¶¶ 19-22.

ANALYSIS

I. The Court May Screen this Petition

Although Barbosa brings this petition under Section 2241, the Rules Governing Habeas Corpus Cases Under Section 2254 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001); accord Edwards v. Bowles, No. 3:03-CV-2624-M, 2004 WL 308036, at *1 n. 1 (N.D. Tex. Feb. 18, 2004) (same).

Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

II. The Petitioner, By Her Own Admission, Has Been Held Less Than 6-Months

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. Id. § 1231(a)(3), (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future, the Government must respond with evidence sufficient to rebut that showing. Zadvydas, 533 U.S. at 701.  If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances."  Id. at 699-700.

Under this formulation, an alien being held pursuant to Section 1231(a)(6) cannot assert a Zadvydas due process claim if she has been detained for less than six-months. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that the "six-month period ... must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under Zadvydas"); accord Hodel v. Aguirre, 260 F. Supp. 2d 695, 699 (N.D. Ill.2003) (Zadvydas not implicated where criminal alien held less than 6-months).  Here, petitioner, by her own admission, has been held for less than 6-months, and indeed, appears to have been held for less than 90-days.[1]  Thus, this petition for a writ of habeas corpus must be dismissed without prejudice as premature.  Olajide v. Wrona, No. 03-10204-BC, 2004 WL 63967, at * 2 (E.D. Mich. Jan. 8, 2004); accord Kolahzadeh v. Prendes, No. Civ. A 3:03CV1420-D, 2003 WL 21673444, at *3 (N.D. Tex. July 15, 2003) (same).[2]

---

[1] Barbosa claims that she was ordered removed in June 2000 but was not detained by BICE until February 2, 2004.  To the extent that she may be arguing that her period of "custody" or "detention" runs from the issuance of that order to the present, a period of over three years, the argument is without merit.  It is the fact of being in physical custody that is central to the due process concerns of Zadvydas, and Barbosa, by her own admission, was not physically detained until February 2, 2004.  See Zadvydas, 533 U.S. 690 (stating that freedom from imprisonment--from government custody, detention, or other forms of physical restraint--lies at the heart of the liberty that the Due Process Clause protects) (citation omitted); cf. 8 U.S.C. § 1231(a)(1)(B)(i)-(iii) (defining when removal period begins).

[2] The Court notes, without deciding, that pursuant to Section 1229a, an alien may at "any time" seek the recision of a removal order entered in absentia by the immigration judge where he or she was in federal or state custody and the failure to appear was through no fault of the alien.  See 8 U.S.C. § 1229a(b)(5)(C)(ii).  Section 1229a also provides for limited judicial review of in absentia orders of removal.  8 U.S.C. § 1229a(b)(5)(D) ("Any petition for review under section 1252 of [Title 8] of an order entered in absentia under [§ 1229a] shall ... be confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or

## CONCLUSION

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.

The Clerk is directed to send petitioner a list of free legal service providers for immigration proceedings with a copy of this Memorandum and Order.

SO ORDERED.

3/3/04                              s/ Joseph L. Tauro
DATE                                UNITED STATES DISTRICT JUDGE

---

not the alien is removable.").